UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ALONQUINETTE SMITH** | **CIVIL ACTION NO. 25-0155** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **Z. THOMAS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Alonquinette Smith, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 30, 2025, under 42 U.S.C. § 1983. She names the following Defendants: Z. Thomas, Steadman, Riley, Acklin, Davidson, Furtel, Shreveport City Jail, Johnson, Washington, Hawkins, Player, and Judge Garrett.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

For context, the undersigned presents the allegations from Plaintiff's initial pleading verbatim:

> Sexually assaulted, mop strings and tissue forced in vaginal area[.]
>
> Tazed in a shower wet at Caddo Correctional Center[.]
>
> Sexually exploited by City jail of Shreveport[.]
>
> Jumped on by guards forcing me to take charge for uncolored boy[.] [sic].

[doc. # 1, p. 3].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

In an amended pleading, Plaintiff claims that she endured unprovoked and repeated threats. [doc. # 9, p. 1]. She suggests that Defendants Davidson, Steadman, Thomas, Riley, and Acklin threatened her so she would "take" criminal charges and sentences. *Id.* at 2.

Plaintiff claims that between June 19, 2021, and March 18, 2022, Defendants Davidson, Steadman, Thomas, Riley, and Acklin utilized excessive force. [doc. # 9, p. 2]. They "jumped" her "several times[.]" *Id.* The defendants shocked her with a Taser device while she was wet in a shower. *Id.* She was rushed to a hospital with brain injuries. *Id.* at 2, 5. Later, Defendants Thomas and Acklin "jumped on" her again violently. *Id.* at 2-3, 4. Without specifying which use of force, Plaintiff alleges later in her pleading that she "was injured so bad [she] had to be admitted in Brentwood for therapy." *Id.* at 4.

Plaintiff claims that Judge Garrett forced her "to take Drug Court." [doc. # 9, p. 2]. She states that Judge Garrett is "crooked." *Id.* at 4. She also appears to claim that Judge Garrett signed a warrant for her arrest on an unknown date. *Id.* at 4.

Plaintiff was later transferred to Shreveport City Jail, where she claims she was exploited in view of a camera. [doc. # 9, p. 3]. She claims that from August 2021 to October 2021, when she needed to shower, "they would stop [her] from going out to shower and make [her] bathe naked/nude in front of" a camera. *Id.* She also alleges that "[t]hey would get on the intercom making sexual comments and noises[.]" *Id.* She alleges further that Sergeant Washington "kept walking in [her] cell snatching everything off of [her] using excessive force." *Id.* She suggests that Defendants Washington, Johnson, Player, and Hawkins are the responsible defendants. *Id.*

Plaintiff states that she needs to "see some doctors" because she still has "massive headaches due to brain trauma" from "when [she] was tazed in the shower." *Id.* at 3-4.

For relief, Plaintiff seeks $7,800,000.00. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, her complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because she is proceeding in forma pauperis, her Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

Plaintiff claims that between June 19, 2021, and March 18, 2022, Defendants Davidson, Steadman, Thomas, Riley, and Acklin utilized excessive force. [doc. # 9, p. 2].

Plaintiff also claims that from August 2021 to October 2021, when she needed to shower, "they would stop [her] from going out to shower and make [her] bathe naked/nude in front of" a camera. [doc. # 9, p. 3]. She alleges that "[t]hey would get on the intercom making sexual comments and noises[.]" *Id.* She alleges further that Sergeant Washington "kept walking in [her] cell snatching everything off of [her] using excessive force." *Id.*

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S.

261, 279-80 (1984).  Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here.[3]  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).  In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff's first excessive force claims accrued, at the latest, on March 18, 2022. [doc. # 9, p. 2].  Plainly, Plaintiff knew or had reason to know of the alleged uses of force the day they occurred.[4]  Plaintiff had one year from that date, or until March 18, 2023, to file her claims. As Plaintiff did not file this proceeding until, at the earliest, November 22, 2024,[5] the statute of limitations bars the claims.

---

[3] "The Louisiana Legislature has recently repealed its one-year prescription on delictual actions, or torts, and substituted it with a two-year prescription."  *Sibley v. Touro LCMC Health*, 2024 WL 5118489, at n.5 (5th Cir. Dec. 16, 2024) (citing LA. CIV. CODE art. 3493.1 (2024)).  "But that amendment only applies prospectively to actions arising after July 1, 2024."  *Id.*  Because Plaintiff alleges that the defendants' actions arose before July 1, 2024, the one-year period applies.  *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), cert. denied, 2025 WL 663720 (U.S. Mar. 3, 2025).

[4] *See Morrill v. City of Denton, Texas*, 693 F. App'x 304, 307 (5th Cir. 2017) (holding that the constitutional injury was complete on the day the alleged excessive force took place); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016).

[5] Plaintiff signed her initial pleading on November 22, 2024.  [doc. # 1, p. 4].

Plaintiff's other claims—that she was exploited in view of a camera, that "they" would make sexual comments and noises over an intercom, and that Sergeant Washington snatched everything off her using excessive force—accrued, at the latest, in October 2021. Plaintiff had one year from then, or until October 2022, to file the claims. As she did not file this proceeding until, at the earliest, November 22, 2024, the statute of limitations bars the claims.

The limitations period is subject to state tolling and equitable tolling in certain circumstances. "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). The plaintiff bears the burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit. *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

Here, Plaintiff does not argue that her claims were tolled. She does not, for example, allege that any person's affirmative conduct reasonably induced her to forego filing suit within the limitations period.[6]

Accordingly, the Court should dismiss these claims.

---

[6] If Plaintiff contends that her claims were tolled for any other reason, she may present her contention in an objection to this Report and Recommendation.

### 3. Threats

Plaintiff claims that she endured unprovoked and repeated threats. [doc. # 9, p. 1]. She suggests that Defendants Davidson, Steadman, Thomas, Riley, and Acklin threatened her so she would "take" criminal charges and sentences. *Id.* at 2.

Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191. "[M]ere allegations of verbal abuse or epithets, reprehensible though they may be, do not amount to a cognizable constitutional violation under Section 1983." *Matthews v. LeBlanc*, 2022 WL 2951759, at *1 (5th Cir. July 26, 2022).

Plaintiff does not state a claim of constitutional dimension. The Court should dismiss these claims.

### 4. Judicial Immunity

Plaintiff claims that Judge Garrett forced her "to take Drug Court." [doc. # 9, p. 2]. She states that Judge Garrett is "crooked." *Id.* at 4. She also appears to claim that Judge Garrett signed a warrant for her arrest, writing that the judge "still arrested [her] trying to help get rid of the uncolored boy [sic] charges." *Id.* at 4.

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v.*

8

*McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, sentencing a defendant and signing an arrest warrant are acts normally performed by a judge. *Barnes*, 79 F. App'x at 701; *Hey v. Irving*, 161 F.3d 7 (5th Cir. 1998).[7] Moreover, Plaintiff does not allege that Judge Garrett acted outside of the courtroom or chambers. Likewise, Plaintiff's claims clearly "center around" a prior proceeding before Judge Garrett, and nothing indicates that the alleged acts arose outside of a visit to Judge Garrett in her official capacity.[8] Moreover, Plaintiff does not allege that Judge Garrett acted in the absence of all

---

[7] *See also Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

[8] *See Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that

jurisdiction. *See* LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

That Judge Garrett is allegedly "crooked" does not extinguish the judge's immunity. As above, the immunity "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson*, 386 U.S. at 554.

Accordingly, Judge Garrett is entitled to absolute judicial immunity, and the Court should dismiss Plaintiff's claims against the judge.[9]

### 5. Formulaic Claims

In her amended pleading, Plaintiff alleges:

> 1st Amendment—retaliation claim: verbal harassment, suffered an injury that chilled my ordinary firmness mentally. Unprovoked and repeated threats to a prisoner.
>
> 2nd Amendment—intentional infliction of emotional distress.
>
> 4th Amendment—excessive force; deliberate indifference
>
> 14th Amendment—verbal harassment from a state official.
>
> 8th Amendment—serious medical needs caused; excessive forced; cruel and unusual punishment of intentional pain; maliciously and sadistically uses force to cause harm.

---

Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

[9] Plaintiff alleges: "Drug court was discharged and called to reverse due to my situation. I was discharged and Judge Garrett still arrested me trying to help get rid of the uncolored boy charges. [sic]." [doc. # 9, p. 4]. Assuming, *arguendo*, that Plaintiff alleges that Judge Garrett actually arrested her—rather than only signing an arrest warrant—Plaintiff's claim is impermissibly vague and conclusory. She does not, for example, allege that Judge Garrett lacked probable cause to arrest her. *See Gilliard v. Groesbeck Police Dep't*, 2023 WL 8108937, at *1 (5th Cir. Nov. 22, 2023) (dismissing a false arrest claim because the plaintiff's pleadings failed to "plausibly allege that [the defendants] did not have probable cause to arrest him."); *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020).

10

[doc. # 9, pp. 1-2].

To the extent Plaintiff is attempting to raise claims, as opposed to perhaps simply supplying the constitutional amendments in which she will ground other claims, she only presents threadbare labels and formulaic recitations of the elements of a cause of action which, as above, do not satisfy Rule 8 and do not amount to claims on which relief may be granted. The Court should dismiss these all-too-conclusory claims.

### 6. Medical Care

Plaintiff states that she needs to "see some doctors" because she still has "massive headaches due to brain trauma" from "when [she] was tazed in the shower." *Id.* at 3-4.

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To reiterate, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Plaintiff does not raise a constitutional claim; rather, it appears that she is informing the Court that she requires medical care. She does not, for instance, name a responsible defendant or allege that any defendant knows of her medical needs and is (or was) responding with deliberate indifference. She does not explain how any defendant's alleged action or omission violated federal law or her constitutional rights. Absent more, her statement does not suggest unlawful activity. The ostensible claim is prohibitively vague; the Court should dismiss it.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Alonquinette Smith's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which

relief may be granted, and for seeking relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 1st day of May, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge